IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS E. NIDIFFER III,
and LAURIE LYNN FRANCES, *pro se*,

      Plaintiffs,

v.                                                Case No. 25-cv-155 KG/JFR

WALMART, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint, (Doc. 5), filed February 20, 2025. Plaintiffs filed their Response, (Doc. 9), on March 14, 2025, and Defendant filed its Reply, (Doc. 10), on March 27, 2025. Having considered the briefing and relevant caselaw, the Court grants the Motion.

    I.    *Background*

Plaintiffs filed their Complaint in state court on January 6, 2025. (Doc. 1) at 1. Defendant removed the case to federal court on February 13, 2025, based upon complete diversity between the parties. *Id.*

According to Plaintiffs' Complaint, (Doc. 1-2), Plaintiffs Thomas Nidiffer, age 50, and his "wife," Laurie Frances, age 47, visited the Walmart in Edgewood, New Mexico on May 17, 2024. (Doc. 1-2) at 2. Mr. Nidiffer and Ms. Frances went to the self-checkout with "normal items," a bottle of antihistamines, and "some bottles of alcohol in [their] cart." *Id.* Mr. Nidiffer showed his identification (ID) to the cashier for the antihistamines and informed her that he would also be purchasing alcohol. *Id.* The cashier asked for Ms. Frances' ID which she provided. *Id.* The cashier then informed Mr. Nidiffer that she was denying the sale of alcohol because Ms. Frances' ID had expired. *Id.* Mr. Nidiffer asked to speak to the manager who

explained it was store policy to not sell alcohol to a party that did not have valid identification. *Id.* After speaking to the manager, the couple bought the remaining items and left the store. *Id.* "[A] few days later," the couple returned to Walmart and went to the customer service desk to speak to the manager once again. *Id.* After speaking with a different manager than on May 17th, the couple was again told it was store policy. *Id.* The manager was unable to show the couple a written store policy. *Id.*

Plaintiffs allege violations of NMSA 1978, § 60-7B-2(B)-(C) and the New Mexico Human Rights Act, NMSA 1978, § 28-1-7(F). (Doc. 1-2) at 3. Plaintiffs seek $10,000,000 in damages. *Id.* at 1.

Now, Defendant argues the Complaint should be dismissed because "New Mexico law does not recognize the causes of action that Plaintiffs bring and Plaintiffs cannot establish a factual or legal basis for liability under either statute." (Doc. 5) at 1.

II.     Legal Standard

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint…." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Rule 12(b)(6) requires a complaint set forth the grounds of a plaintiff's entitlement to relief through more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level...." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Employees Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, courts view "well-pleaded factual allegations in a complaint…in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

Rule 12(b)(1) allows a party to contest a federal court's jurisdiction over the subject matter of a claim by motion. Fed. R. Civ. P. 12(b)(1). "Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The two forms are a facial or factual attack. *Id.* at 1002–03. In either circumstance, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* at 1003 (citation omitted).

    III.    Analysis

    A. *New Mexico Liquor Control Act (NMLCA), NMSA 1978, § 60-7B-2 Regulation of Sales and Service to Minors - Documentary Evidence of Age and Identity*

Under NMSA § 60-7(B)-2(B), an "identity document is valid for the purposes of the Liquor Control Act…even if it has expired." Under NMSA § 60-7(B)-2(C), "it is unnecessary to ask for an identity document if the person clearly looks older than thirty-five years of age."

Defendant argues the NMHRA does not provide a private cause of action to an aggrieved party who was denied the purchase of alcohol. (Doc. 5) at 2. Defendant further argues that even if there is a private right of action, Plaintiffs are not within the zone of interest the statute intends to protect. *Id.* In Response, Plaintiffs contend their "right to action is covered by the petition clause of the First Amendment." (Doc. 9) at 3. Plaintiffs also argue that because the NMLCA

protects a parent if they want to buy alcohol for their children, somehow, Ms. Frances is also protected. *Id.* at 3–4. In the alternative, Plaintiffs state "the entire concept of a 'protected class' is antithetical to the Declaration of Independence and the basis of the formation of this great country." *Id.* at 4. Finally, and somewhat contradictory, Plaintiffs argue "[n]ot being of a 'protected class' shouldn't mean a different standard of law." *Id.*

Plaintiffs do not cite, and the Court cannot find, caselaw or a statute which supports the proposition that the NMLCA provides a private cause of action for the alleged violations. However, even if there is a private cause of action for such violations, Plaintiffs are not within the "zone of interest protected" by the statute.

According to the New Mexico Supreme Court, the "creation of a private right of action does not automatically confer standing on all plaintiffs; courts must utilize the traditional tools of statutory interpretation, including the zone of interest protected, to determine whether the cause of action confers a right for a particular plaintiff to pursue a particular claim." *GandyDancer, LLC v. Rock House CGM, LLC*, 2019-NMSC-021, ¶ 15. The zone of interest protected "may be apparent from the face of the statute" or from legislative intent. *Id.* at ¶ 16. "The stated legislative policy of the Liquor Control Act is to protect the public health, safety, and morals of the communities in our state." *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 19. "The purpose of New Mexico's liquor control laws is to regulate and place limitations on the sale of alcohol, not to promote it." *Id.* "[W]hen interpreting liquor control legislation, we employ a 'liberal interpretation to give effect to legislative purpose and to facilitate temperance.'" *Id.* (citation omitted).

Thus, it is clear to this Court that the purpose of the NMLCA is to limit, rather than foster, alcohol consumption. Because Plaintiffs alleged injury is that they were unable to buy alcohol because Ms. Frances' ID was expired, they do not fall under the zone of interest

protected by the NMLCA. Limiting alcohol to those without a valid ID aligns with the purpose of protecting the public health, safety, and morals, whereas selling alcohol to someone without a valid ID could potentially harm the public. While it remains unsettled if a private right of action exists under the cited statutes, even if it did, Plaintiffs are not part of the protected class. For these reasons, Plaintiffs' claims for violations of the NMLCA are dismissed.

> B. *New Mexico Human Rights Act (NMHRA), NMSA 1978, § 28-1-7(F) Unlawful Discriminatory Practice*

Under NMSA § 28-1-7(F), it is unlawful discriminatory practice for:

> any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of…spousal affiliation….

"NMHRA claims must be administratively exhausted before being brought in federal court." *Bates v. N.M. Corr. Dep't*, 2010 WL 4339367, *7 (D.N.M.). "[T]he exhaustion of administrative remedies is a prerequisite to suit under the NMHRA…and a failure to exhaust administrative remedies may mean that the district court lacks subject-matter jurisdiction." *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 20. Under the NMHRA, a "person claiming to be aggrieved by an unlawful discriminatory practice…may file with the human rights division of the labor department a written complaint that shall state the name and address of the person alleged to have engaged in the discriminatory practice[.]" NMSA 1978, § 28-1-10(A). Although the statute states a person "may file," "the legislature intended that the grievance procedure is mandatory when unlawful discriminatory practices are alleged." *Jaramillo v. J.C. Penney Co.*, 1985-NMCA-002, ¶ 3.

Here, Defendant argues: (1) Plaintiffs failed to exhaust their administrative remedies mandated by the NMHRA and therefore the Court lacks jurisdiction over this claim; (2) even if Plaintiffs had exhausted their administrative remedies, they have failed to state sufficient facts to

support a discrimination claim; and (3) Plaintiffs admitted under oath they are not married. (Doc. 5) at 1–2.

In Response, Plaintiffs argue they went to great lengths for administrative relief by going to the Walmart customer service department, filing a complaint with Walmart online, and calling the Alcohol Beverage Control Division. (Doc. 9) at 1–2. They also argue "[t]he necessity to first file a grievance with the Executive branch with rules and limits devised by the Legislative branch is an [sic] usurpation of the checks and balances endowed to the Judicial branch." *Id.* at 2. As it relates to their title as a married couple, Plaintiffs argue that while they admit they are not legally married, their relationship equates to that of a married couple. *Id.* at 2–3.

The Court concludes Plaintiffs have not exhausted their administrative remedies as required by the NMHRA or at least has not alleged so in their Complaint. Thus, this Court lacks subject-matter jurisdiction to hear Plaintiffs' claim under the NMHRA.

IV.     *Conclusion*

For the reasons discussed above, the Court grants Defendant's Motion, (Doc. 5), and dismisses this case without prejudice.

IT IS SO ORDERED.

/s/ KENNETH J. GONZALES[1]<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.